Fay W. Boozman, M.D. Director, Arkansas Department of Health 4815 W. Markham Little Rock, AR 72205-3867
Dear Dr. Boozman:
You have requested an Attorney General opinion concerning the regulation of smoking in food service establishments.
You have asked:
 Does the Board of Health have authority to promulgate rules and regulations concerning the use of tobacco products in food service establishments?
RESPONSE
It is my opinion that the Board of Health does have authority to promulgate rules and regulations concerning the use of tobacco products in food service establishments.
My conclusion regarding this matter is based upon the general provisions describing the power, authority, and duties of the Board of Health, which are codified at A.C.A. § 20-7-101 et seq. The particular provision that is pertinent to the regulation of the use of tobacco products A.C.A. §20-7-109, which states:
 Power is conferred on the State Board of Health to make all necessary and reasonable rules and regulations of a general nature for the protection of the public health and safety; for the general amelioration of the sanitary and hygienic conditions within the state; for the suppression and prevention of infectious, contagious, and communicable diseases; for the proper enforcement of quarantine, isolation, and control of such diseases; and for the proper control of chemical exposures that may result in adverse health effects to the public.
A.C.A. § 20-7-109(a)(1) (emphasis added).
The general grant to the Board of Health of the authority to protect "the public health and safety" is stated broadly enough, in my opinion, to encompass the power to regulate the use of tobacco products in food service establishments. In addition, the grant of authority to regulate "chemical exposures that may result in adverse health effects to the public" can clearly be interpreted to include exposures to second-hand cigarette smoke. It is well established that such exposure can result in adverse health effect to the public. Indeed, the General Assembly recognized this fact in enacting Act 728 of 1977 (codified at A.C.A. §20-27-701 et seq.), stating:
 Information available to the General Assembly based upon scientific research data has shown that nonsmokers often receive damage to their health from the smoking of tobacco by others.
A.C.A. § 20-27-701(a).
For these reasons, and upon the basis of the plain language of the statutes describing the Board's authority, I must conclude that the Board of Health is empowered to issue regulations concerning the use of tobacco products in food service establishments. This authority is bolstered by the Board's general authority to promulgate regulations pertaining to the control of disease in the food service industry, pursuant to A.C.A. §20-57-201 et seq.
I recognize that a question might arise concerning the exception language contained in Act 728 of 1977 (A.C.A. § 20-27-701 et seq.), referenced previously, which is an act that deals with public smoking. That act prohibits public smoking in certain listed public places, and makes violation of the prohibition a misdemeanor. However, the act also contains the following exception: "The provisions of this subchapter shall not apply to hotels, motels, and restaurants." A.C.A. § 20-27-703(c).
It is my opinion that this exception language does not limit the authority of the Board of Health to regulate smoking in food establishments. Rather, it simply provides that smoking in such establishments does not constitute a criminal act, as does smoking in other areas under Act 728 of 1977. Even though the legislature has determined that smoking in food establishments is not a crime, the Board of Health may nevertheless regulate smoking in such establishments.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh